UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTOPHER KENT,**

    Plaintiff,

v.                                Case No. 3:24cv526-TKW-HTC

**JAMES OGE,**

    Defendant.

_____/

## **ORDER**

    This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 18) and Plaintiff's objection (Doc. 19). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed with prejudice because there is no viable *Bivens* claim for the acts and omissions described in the amended complaint.

    None of the arguments in Plaintiff's objection are persuasive. Only two warrant any discussion

    First, with respect Plaintiff's argument that the BOP administrative remedy process is not a "special factor" that weighs against extending *Bivens* to the new

context at issue in this case because that process does not allow for monetary damages, the magistrate judge correctly noted that Eleventh Circuit held in *Johnson v. Terry*, 119 F.4th 840 (11th Cir. 2024), that the BOP administrative remedy process <u>is</u> a "special factor." Moreover, the Supreme Court made clear that the <u>adequacy</u> of the alternative remedy is irrelevant. *See Egbert v. Boule*, 596 U.S. 482, 493 (2022) ("Nor does it matter that 'existing remedies do not provide complete relief.'" (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983))).

Second, with respect to Plaintiff's argument that this case should not have been dismissed with prejudice and that he should have been given an opportunity to file a second amended complaint, it is well established that leave to amend need not be provided when an amendment would be "futile." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). An amendment would be futile when "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* That is the case here because nothing Plaintiff could allege in a second amended complaint would change the fact that he does not have a viable *Bivens* action against Defendant.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is DISMISSED WITH PREJUDICE under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 24th day of February, 2025.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**